UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TAMAR HOD, M.D., | * |
| Plaintiff, | * |
| v. | * 1:19-cv-10365-IT |
| BRIGHAM AND WOMEN'S HOSPITAL, INC.; THE GENERAL HOSPITAL CORPORATION; PARTNERS HEALTHCARE SYSTEM, INC.; JOSEPH BONVENTRE, M.D., | * |
| Defendants. | * |

**ANSWER**

Defendants Brigham and Women's Hospital, Inc. ("BWH"), The General Hospital Corporation (commonly known as "Massachusetts General Hospital" and referred to here as "MGH"), and Joseph Bonventre, M.D. (collectively, "Defendants") respond, paragraph by paragraph, to the allegations in Plaintiff's Complaint.

1.      As to the un-numbered introductory paragraph preceding numbered paragraph one, it fails to comply with Fed. R. Civ. P. 10(b). Also, Defendants are without information sufficient to form a belief as to the truth of allegations concerning Plaintiff's gloss on Fed. R. Civ. P. 11(b), and on that basis deny them. Defendants note that Plaintiff's intentional conflation of three corporate entities renders much of the Complaint misleading, incorrect, and/or confusing. To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff. As to numbered paragraph one, Defendants are without information sufficient to form a belief as to the truth of the allegations in paragraph one and on that basis deny them.

2.  As to the first sentence and the first clause of the second sentence, Respondents are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them. As to the second clause of the second sentence reading "recruited by" as "worked at," admitted; otherwise, denied.

3.  As to the first sentence, denied. The second sentence is a legal conclusion which requires no response.

4.  Denied.

5.  Denied, that the paragraph fully, fairly, and accurately describes the various funding mechanisms for the joint nephrology fellowship program.

6.  Denied.

7.  Denied.

8.  Denied.

9.  As to the first sentence, denied. As to the second sentence, admitted the word "essential" appears in a letter, but otherwise denied.

10. Denied.

11. Denied.

12. Denied, that Complainant fully and fairly characterizes or describes her performance in the program, or the feedback she received; admitted, she quotes the word "stellar" accurately from a June 2017 letter. Otherwise, denied.

13. Admitted, that Plaintiff's participation in the program concluded after the 2016-2017 academic year. Denied, that the sentence fully and fairly characterizes or describes the bases for the decision not to offer her a fellow or faculty position beyond her second year of the ACGME fellowship. Otherwise, denied.

14. Denied.

15. As to the last clause, Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them. Otherwise, denied.

16. Paragraph sixteen is a conclusion of law which requires no response. Defendants deny liability in any form or amount to Plaintiff.

17. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

18. Admitted; further answering that BWH is a non-profit corporation.

19. Admitted; further answering that BWH is a non-profit corporation.

20. Admitted.

21. This is an incomplete sentence and therefore denied; and, additionally denied, the paragraph describes Dr. Bonventre's home address.

22. Paragraph twenty-two is a conclusion of law which requires no response.

23. Admitted.

24. Admitted.

25. Paragraph twenty-five is a conclusion of law which requires no response. To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff. Un-numbered paragraph/heading: Plaintiff's italicized statement after paragraph twenty-five fails to comply with Fed. R. Civ. P. 10(b) and should be stricken. To the extent the Court requires any further response, denied, and Defendants deny liability in any form or amount to Plaintiff.

26. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

27. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

28. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

29. Reading "was later recruited by BWH for a transplant fellowship for the" as "performed a transplant fellowship at BWH in," admitted; otherwise, denied. As to the second sentence, Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

30. Admitted, Plaintiff's husband e-mailed Dr. Chandraker, Medical Director of Kidney and Pancreas Transplantation and the Director of the Transplantation Research Center at BWH, on December 10, 2014, and admitted the quotation in the second sentence is contained in the e-mail. As to Plaintiff's husband's professional affiliations and status, Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them. Otherwise, Plaintiff's description of the e-mail is not full, fair, and accurate, and Defendants reference the e-mail for a statement of its contents.

31. Admitted.

32. Admitted.

33. As to the first sentence, denied that Plaintiff fully, fairly, and accurately describes the offer made by the fellowship program; Defendants reference the letter referenced for a statement of its contents. The second sentence is admitted. Un-numbered paragraph/heading: Plaintiff's italicized statement after paragraph thirty-three fails to comply with Fed. R. Civ. P. 10(b) and should be stricken. To the extent the Court requires any further response, denied, and Defendants deny liability in any form or amount to Plaintiff.

34. Denied.

35. Reading out "[a]s such," from the sentence, admitted; otherwise, denied.

36. Admitted, Plaintiff did not obtain proper authorization to begin the program. Denied, that Complainant fully and fairly describes the mechanism for funding her place in the first year of the program. Otherwise, denied.

37. Admitted, that Plaintiff's husband and Dr. Chandraker communicated concerning Plaintiff's admission into and funding for the program. Defendants are without information sufficient to form a belief as to the truth of allegations concerning legal advice Plaintiff received. Otherwise, denied, and denied, that Plaintiff fully and fairly describes communications between her and BWH concerning funding.

38. Admitted, that Plaintiff's husband had proposed funding Plaintiff's spot in the fellowship programs. Denied, that Plaintiff fully and fairly describes any defendant's views on Plaintiff's funding for the program. Otherwise, denied.

39. Denied, that Plaintiff fully and fairly describes the methods by which foreign students may be financed in the program, and denied that Plaintiff was "targeted." Otherwise, denied.

40. Denied, that Complainant fully and fairly describes the methods by which foreign students may be financed in the program or that she fully and fairly describes any of the Defendants' knowledge concerning her funding. Defendants reference the unidentified rules and policies for a statement of their contents. Otherwise, denied.

41. Denied.

42. As to the first clause, denied. As to the second, Defendants are without information sufficient to form a belief as to what Plaintiff told her lawyer and on that basis deny the allegations. As to the remaining allegations, admitted, Plaintiff communicated with Dr.

Chandraker, but denied that Plaintiff fully, fairly, and accurately describes her communications with Dr. Chandraker.

43. Admitted, that Plaintiff's husband communicated with Dr. Chandraker, admitted that they discussed the funding of a position for Plaintiff, but denied that Plaintiff fully, fairly, and accurately describes those communications.

44. The first sentence is denied. As to the second, Defendants are without information sufficient to form a belief as to what Plaintiff "came to learn" and on that basis deny the allegations.

45. Admitted, that the quoted sentence is contained in an e-mail from Reaser to Plaintiff's husband on that date.

46. Defendants are without information sufficient to form a belief as to what Plaintiff "desired" and on that basis deny the allegations.

47. Denied, that Complainant fully and fairly describes the methods by which foreign students may be financed in the program, or that she fully and fairly describes how her position was in fact funded. Otherwise, denied.

48. Reading "the" as "a" and removing the scare quotations marks from "donation," admitted; otherwise, denied.

49. Admitted, that Plaintiff spent 2015-2016 in a clinical rather than research year; denied that Plaintiff fully, fairly, and accurately describes the prelude for her doing so.

50. Admitted, Plaintiff worked in two clinics. Denied, that Plaintiff fully and fairly describes her clinical duties in her second year of the program, or fully and fairly describes the clinical duties of other members of the program. Otherwise, denied.

51. Admitted, Plaintiff received some praise; otherwise, denied.

52. Admitted, that Plaintiff received praise from a number of attendings; however, denied, that she fully, fairly, and accurately describes the feedback Drs. Tucker, Bonventre, Chandraker, and others provided her. Otherwise, denied.

53. Reading out "[f]or example," admitted, that Plaintiff provides accurate quotations from two e-mails; otherwise, admitted that, Plaintiff provides accurate quotations from two e-mails, but otherwise denied.

54. Admitted, that Plaintiff accurately quotes from a letter dated March 8, 2016.

55. Admitted, that Plaintiff accurately quotes from a letter dated March 8, 2016.

56. Admitted, that Plaintiff accurately quotes from a letter dated March 8, 2016.

57. Admitted, that Plaintiff accurately quotes from a letter dated March 8, 2016.

58. Plaintiff's repeated use of sentence adverbs, here "[f]urther," is not a proper form of pleading, see Fed. R. Civ. P. 8 (a)(2) ("short plain statement"), and on that basis the allegations are denied; Defendants reference the document to which Plaintiff refers for a statement of its contents. Un-numbered paragraph/heading: Plaintiff's italicized statement after paragraph fifty-eight fails to comply with Fed. R. Civ. P. 10(b) and should be stricken. To the extent the Court requires any further response, denied, and Defendants deny liability in any form or amount to Plaintiff.

59. Denied.

60. Admitted, that Dr. Chandraker communicated with a physician at Tufts concerning the possibility of collaborating, co-mentoring, cross-training Plaintiff in academic year 2016-2017; otherwise, denied.

61. Denied.

62. Admitted, that Dr. Chandraker communicated with Plaintiff and her husband about the funding of plaintiff's position in the program. Denied, that this paragraph fully, fairly, and accurately describes the funding of Plaintiff's position, or communications concerning the same.

63. Admitted, that Dr. Chandraker communicated with Plaintiff and her husband about the funding of plaintiff's position in the program. Denied, that this paragraph fully, fairly, and accurately describes Dr. Chandraker's communications with Plaintiff or Plaintiff's place in the program.

64. Denied.

65. Admitted, that Dr. Chandraker communicated with Plaintiff and her husband about the funding of plaintiff's position in the program. Denied, that this paragraph fully, fairly, and accurately describes communications between Dr. Chandraker and Plaintiff and her husband.

66. The first clause is denied, and, denied, that this paragraph otherwise fully, fairly, and accurately describes communications between Dr. Chandraker and Plaintiff and her husband.

67. Denied.

68. Admitted, Plaintiff met with Dr. Bonventre on or about that date. Denied, that this paragraph fully, fairly, and accurately describes communications between Dr. Bonventre and Plaintiff.

69. Denied.

70. Admitted, Plaintiff met with Dr. Bonventre on or about that date. Denied, that this paragraph fully, fairly, and accurately describes communications between Dr. Bonventre and Plaintiff.

71. Admitted, Plaintiff met with Dr. Bonventre on or about that date. Denied, that this paragraph fully, fairly, and accurately describes communications between Dr. Bonventre and Plaintiff.

72. Denied.

73. Denied.

74. Denied, that there was a four-year contract, and, thus, denied.

75. Denied. Un-numbered paragraph/heading: Plaintiff's italicized statement after paragraph fifty-eight fails to comply with Fed. R. Civ. P. 10(b) and should be stricken. To the extent the Court requires any further response, denied, and Defendants deny liability in any form or amount to Plaintiff.

76. Admitted.

77. As to the first sentence, admitted, that Dr. Tucker met with Plaintiff on or around that date. Otherwise, denied that Plaintiff fully, fairly, and accurately describes any conversation with Dr. Tucker.

78. Admitted, that Dr. Tucker met with Plaintiff on or around that date. Denied that Plaintiff fully, fairly, and accurately describes any conversation with Dr. Tucker.

79. Admitted, that Dr. Bonventre met with Plaintiff on or about October 13, 2016.

80. Admitted, that Dr. Bonventre declined to support a grant petition on terms which Plaintiff sought, but otherwise denied.

81. Denied.

82. Denied.

83. Denied.

84. Admitted, that Plaintiff met with Dr. Thadhani on or about that date. Denied, that the paragraph fully, fairly, and accurately describes Plaintiff's communications with him.

85. Admitted, that Dr. Bonventre spoke with Dr. Thadhani; otherwise, denied, that the paragraph fully, fairly, and accurately describes the contents of their conversation.

86. Admitted, that Dr. Bonventre met with Plaintiff after November 1, 2016; otherwise, denied.

87. Admitted, that Dr. Bonventre described to Plaintiff demonstrable shortcomings in her performance. Denied, that the paragraph fully, fairly, and accurately describes Dr. Bonventre's communications to Plaintiff.

88. Denied.

89. Admitted, Plaintiff asked for a copy of her personnel file. Otherwise, the first sentence is an allegation of law which requires no response, and the remainder of the paragraph is denied.

90. Denied.

91. Admitted, Plaintiff received praise; otherwise, denied.

92. Admitted. Un-numbered paragraph/heading: Plaintiff's italicized statement after paragraph ninety-two fails to comply with Fed. R. Civ. P. 10(b) and should be stricken. To the extent the Court requires any further response, denied, and Defendants deny liability in any form or amount to Plaintiff.

93. Denied.

94. Denied.

95. Defendants are without knowledge sufficient to form a belief as to the truth of allegations concerning plaintiff's interview history and on that basis deny them.

96. Defendants are without knowledge sufficient to form a belief as to the truth of allegations and on that basis deny them.

97. Denied.

98. Admitted; that Plaintiff's participation in the program concluded at the end of the 2016-2017 academic year; otherwise, denied.

99. Admitted, that Dr. Bonventre met with Plaintiff on or about that date. Denied, that the paragraph fully, fairly, and accurately describes Dr. Bonventre's communication with Plaintiff.

100. Denied.

101. Denied.

102. Defendants are without knowledge sufficient to form a belief as to the truth of allegations and on that basis deny them.

103. Defendants are without knowledge sufficient to form a belief as to the truth of allegations and on that basis deny them.

104. Defendants are without knowledge sufficient to form a belief as to the truth of allegations and on that basis deny them.

105. Defendants are without knowledge sufficient to form a belief as to the truth of allegations and on that basis deny them.

106. Denied.

107. Paragraph one hundred and seven is not a proper form of pleading and should be stricken. See Fed. R. Civ. P. 10 (b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff.

108. Reading "Partners" as BWH and MGH, admitted; otherwise, denied..

109. Denied.

110. Denied.

111. Denied, that the paragraph fully, fairly, and accurately describes the terms of Plaintiff's relationship with any Defendant.

112. Denied.

113. Denied.

114. Defendants reference the letter for a statement of its contents; they deny liability in any form or amount to Plaintiff.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Paragraph one hundred and nineteen is not a proper form of pleading and should be stricken. See Fed. R. Civ. P. 10 (b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff.

120. This is an allegation of law which requires no response.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125.　Denied, that this paragraph fully, fairly, and accurately describes Plaintiff's interactions with Defendants.

126.　Denied.

127.　Denied.

128.　Denied.

129.　Paragraph one hundred and nineteen is not a proper form of pleading and should be stricken. See Fed. R. Civ. P. 10 (b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff.

130.　Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

131.　Denied.

132.　Denied.

133.　Denied.

134.　Denied.

135.　Denied.

136.　Denied.

137.　Paragraph one hundred and thirty-seven is not a proper form of pleading and should be stricken. See Fed. R. Civ. P. 10 (b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff.

138. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

139. Denied.

140. Denied.

141. Denied.

142. Denied.

143. Denied.

144. Denied.

145. Paragraph one hundred and nineteen is not a proper form of pleading and should be stricken. See Fed. R. Civ. P. 10 (b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff.

146. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

153. Denied.

154. Denied.

155. Denied.

156. Denied.

157. Denied.

158. Denied.

159. Paragraph one hundred and fifty-nine is not a proper form of pleading and should be stricken. See Fed. R. Civ. P. 10 (b)("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). To the extent the Court requires any further response, Defendants deny liability in any form or amount to Plaintiff.

160. Defendants are without information sufficient to form a belief as to the truth of the allegations and on that basis deny them.

161. Denied.

162. Denied.

163. Denied.

164. Denied.

165. Denied.

166. Denied.

166. Denied.

167. Denied.

168. Denied.

169. Denied.

170. Denied.

171. Denied.

172. Denied. As to the un-numbered "wherefore" paragraphs following paragraph one hundred and seventy-two, Defendants deny liability in any form or amount to Complainant.

## Affirmative Defenses

173. Defendants deny liability in any form or amount to Complainant.

174. Plaintiff fails to state a claim upon which relief may be granted.

175. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

176. Plaintiff's claims are barred in whole or in part by the applicable limitations periods.

177. There are statutory caps to damages under Title VII.

178. Defendants' liability in tort is limited by M.G.L. c. 231, § 85K.

179. Plaintiff has failed to exhaust administrative remedies.

180. There is no individual liability under Title VII.

181. Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## Jury Demand

182. Defendants demand a trial by jury.

Respectfully submitted,

BRIGHAM AND WOMEN'S HOSPITAL, INC.,
THE GENERAL HOSPITAL CORPORATION,
AND JOSEPH BONVENTRE, M.D.,

By their attorneys,

/s/ Eugene J. Sullivan

_____
Eugene J. Sullivan III, BBO#656497
    jay@sullivanandreed.com
Thomas A. Reed, BBO# 559878
    treed@sullivanandreed.com
Sullivan and Reed LLP
245 First Street, 18th Floor
Cambridge, Massachusetts 02142
Dated:  March 6, 2019    telephone: 617.758.8160

Certificate of Service

Undersigned certifies that on this date he filed this document via the ECF system and it is his understanding the system will serve the document on counsel for all other parties, including counsel for plaintiff, David J. Shlansky, Esq., Shlansky Law Group, 1 Winnisimmet St, Chelsea MA 02150, by email (David.shlansky@slglawfirm.com).

Dated:  March 6, 2019    /s/ Eugene J. Sullivan III

17